SETH C. STEVENS, plaintiff in error, vs. LEWIS ZACHARY, defendant in error.

The security to be exacted of a party who asks that another may be required to produce his deed, or other writing, to be annexed to interrogatories, ought at least to be as much as a bond of indemnity and a consent that if the deed or writing be not restored, objections to it shall be waived and the copy of it on file be read in its place, not only in that case, but in all subsequent cases.

Ejectment, in Baker Superior Court. Decision by Judge ALLEN, at November Term, 1858.

This was an action of ejectment, by John Doe, *ex dem.*, Lewis S. Zachary, against Richard Roe, casual ejector, and Seth C. Stevens, tenant in possession.

Plaintiff, preparatory to trial, submitted a motion, that Stevens the defendant be ordered to file in the Clerk's office, within twelve days after the adjournment of the Court, the original deeds from Lewis Zachary to William Kolb, and

from Kolb to Manbey N. Ford, to the lot of land in dispute, and under which deeds he claims title to said premises, subject to the control of the plaintiff or his counsel, to be attached to interrogatories, to be propounded to witnesses, to prove said deeds to be forgeries; upon said plaintiff giving bond with good security in the sum of two thousand five hundred dollars, and filing the same in said office, conditioned to be void if said deeds should not be lost or destroyed or injured, and should be returned to said Stevens as soon as the object for which they are produced shall be accomplished; and upon plaintiff's filing in the Clerk's office copies of said deeds for defendant; and that a copy of this order be served on said Stevens two days from the adjournment of the Court.

Defendant objected to this motion. The Court overruled the objection and granted the order, and defendant excepted.

Abner B. Parratt, one of the plaintiff's lessors, then tendered his bond with security, as required by said order, in the penalty of twenty-five hundred dollars; conditional, that if the deeds ordered to be produced and deposited in the Clerk's office, " after they came under the control of and are delivered to the said Parratt or his counsel, should not be destroyed, lost or injured, but should be returned to said Stevens, as soon as the object of their production shall have been accomplished," then the bond to be void, &c.

Defendant objected to the bond as insufficient in its terms and conditions to indemnify him against the loss or destruction of the original deed.

The Court overruled the objection and ordered the bond to be filed as a compliance on plaintiff's part with the order.

To which decision, defendant excepted.

R. F. LYON, for plaintiff in error.

WARREN & WARREN, contra.

*By the Court.*—Benning J. delivering the opinion.

Was the Court below right, in granting the order?

Two objections are urged against the granting of the order; one, that the Court had no power to grant any order, the effect of which, would be to send the paper annexed to interrogatories, into another county; the other, that if the Court had any such power, it was a power only to be exercised on the exaction of the best attainable security—that the order should work no prejudice to the party required to produce the paper—and the bond exacted, was not by itself the best attainable security that the order should work no prejudice to such party.

These objections were urged with great force, still we are not prepared to say, that we think, the first of them was good. We are not yet satisfied, that the reasons which were given in *Faircloth vs. Jordan,* (15 *Ga.* 512,) for belief in the existence of this power, are insufficient.

The second of the objections, was, we do think, good.

Conceding that this power exists, it is obviously one to be exercised with the greatest caution and circumspection. The principle on which the power ought to be exercised, is doubtless this; that the party required to yield his paper, ought in return, to receive the best security that his doing so shall not hurt him, which it is possible to exact from the other party, consistently with the practicable attainment of the end in view—the sending of the paper to the witness, that his examination on it, may be taken.

All the security required here, was the bond of the party calling for the production of the deeds, conditioned to be void, if the deeds should not be destroyed, lost or injured, but should be returned, as soon as the object of their production, had been accomplished. Such a bond as this, is, we think, worth a good deal, as a security against the evil to be guarded against; but the argument in this case, satisfies us, that it is not all the security which the party giving it,

had it in his power to give, and, therefore, that it is not, by itself, sufficient. The parties calling for the deeds, might consent, in writing, that if the deeds were not duly returned, and, restored to the party producing them, they would waive all objections to the deeds, would admit them to be genuine, and would let the copies of them, deposited in Court, or any other secondary evidence of them, go as evidence in their place, to the jury. This consent, if entered into, would, it is obvious, be valuable security in addition to that of the bond. And we think it ought to have been exacted in this case.

The Court ought also, we think, to have set a reasonable time, for the return of the deeds. This time would depend on the nature of the case; and that, the Court could look into.

We think then, that this second objection to the granting of the order, was good.

The Court below in granting the order, doubtless followed views expressed in *Faircloth vs. Jordan*, (15 *Ga.* 512.) But, it must be borne in mind, that nothing except the *judgment* in a case, is a precedent; and the judgment in that case merely was, that the Court below *erred* in granting the order excepted to. The judgment therefore could not form a precedent for the *granting* of any order. Consequently, it could not form a precedent, for the granting of the order now in question.

The objections urged before us, in that case, against the granting of the order, were the same as those urged before us, in this case, against the granting of this order. They were, first, that the Court had no power to grant any such order; 2dly, but that if it had power to grant some such order, it had no power to grant any such order, without exacting security against the order's working harm. The first of these objections, we thought insufficient—the second, we thought, sufficient. But this second objection, was general, that the order ought not to have been granted, without the exaction of security of some kind. The objection did not

suggest what this security should have been.  The Court argued, that security of some kind ought to have been exacted.  The Court, then, was put in this condition; it had simply to say, that the Court below ought to have exacted security, and not specify what security; or it had to suggest some particular sort of security, as the one that ought to have been exacted.  The former was the course which in strictness, the Court was required to pursue, yet, as it thought, that an essay towards determining what would be proper security, might be of service, it pursued the latter course, and suggested the sort of bond taken in this case.  The course was unfortunate, for it, probably, misled the Court below; although, that is not certain, for that Court might itself, without any prompting from this Court, have hit upon this very bond, as the security.  The case presents a good illustration of the evils of *obiter dicta*, even when there is much to invite them.

The conclusion then to which we come, is that the security required by the Court was not all the security which it should have required; a conclusion precisely of the same sort, as that to which, we came in *Jordan vs. Faircloth.*  And here, as there, we suggest what would, as it strikes us now, be the additional security required, viz: the consent aforesaid, with a reasonable limit, for the return of the papers.  But here, we beg, that it may be kept in mind, that these suggestions, as to what would be the requisite additional security, are but suggestions—*obiter dicta*—and not decisions.  There may be better security than this bond and what else we suggest.  If so, that ought to be required in preference to them.  The *principle* which is to guide, is the one before stated, viz : that the security to be required, is the best security of any sort, which it is possible to exact consistently with the practicable attainment of the end in view—the sending of the paper to the witness.  The problem for every Court to which, an application for an order of the kind in

question, is made, is, merely to determine, what will be the security that will satisfy this principle.

Judgment reversed.

McDonald J. absent.